UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

Matthew C. Brown                                    Bk. No. 17-10562-BAH
              Debtor                                Chapter 13

## AMENDED CHAPTER 13 PLAN DATED AUGUST 30, 2017

☐   **If this box is checked, this plan contains certain special provisions set out in paragraph 13 below. Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this court.**

Debtor: Matthew C. Brown                            SS # xxx-xx-3582
Joint Debtor:                                       SS #

1.  **PLAN PAYMENTS**

    The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than _3____ years.  This is a ____60_____ month plan.

    Plan payments - Debtor to pay to trustee monthly:          $__502.08
    Number of months:                                          60
    Total of monthly plan payments:                            $_30,124.80

    In addition, for each year during the term of the plan, all tax refunds in excess of $1,200 will be remitted within fourteen (14) days of receipt to the trustee as additional disposable income to fund the plan.  Deviation from this requirement in a given year will be considered by the court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within thirty (30) days of the date of the filing of the tax return at issue.

2.  **ADMINISTRATIVE CLAIMS**

    Trustee's fee pursuant to 11 U.S.C. § 1302 and debtor's attorney's fees:

    A.   Trustee's estimated fees and expense (10% of the total to be paid):       $__3,012.48__
    B.   Attorney's fee and expenses requested to be paid through the plan,
         payable pursuant to AO 2016-1, notwithstanding 11 U.S.C. § 1325(a)(5)(B)(iii):    $__2,500.00__

    C.   Other:                                                                    $_____

3.  **DOMESTIC SUPPORT OBLIGATIONS**

    The following DSO claims will be paid in full through the plan:

    Creditor                                                    Estimated Total
                                                                Prepetition
                                                                Arrearage Claim
    _____   $_____
    _____   $_____

4.  **PRIORITY CLAIMS**

|                                                              |                |   Estimated Total |
| Creditor                                                     | Interest Rate  | Prepetition Claim |
| _____ | _____%     | $_____     |
| _____ | _____%     | $_____     |

5.  **SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence located at:  341 Twin Bridges Rd., New Boston, NH

Debtor estimates the fair market value of such primary residence to be: 304,988.00

Since the debtor seeks to retain the collateral, and for the lien to remain in full force and effect, the claim will be treated in one of the following two manners:

( )   Outside the plan.  The mortgage is current and will continue to be directly payable by the debtor.

OR

( X )  The mortgage is not current.  Regular postpetition payments will be made directly by the debtor and the prepetition arrearage only is to be paid through the plan, as follows:

|                                                                          | Estimated Total       |
| Mortgagee                                                                | Prepetition Arrearage |
| 1st _____Nationstar Mortgage _____ | $_23,542.11__         |
| 2nd _____          | $_____         |
| 3rd _____  | $_____         |

6.  **SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the debtor.  Prepetition arrearage amounts, if any, are to be paid through the plan:

|                                                      |                                                   | Estimated Total       |
| Name of Creditor                                     | Description of Collateral                         | Prepetition Arrearage |
| __Keybank_____                 | __2012 Chevy Cruze_____                 | $__1,069.48__         |
| _____                  | _____                  | $_____         |
| _____                  | _____                  | $_____         |

7.  **SECURED CLAIMS TO BE MODIFIED**

The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated.

Name of Creditor:        _____
Collateral:              _____
Valuation:               _____
Proposed Treatment:      _____

Name of Creditor:        _____
Collateral:              _____
Valuation:               _____
Proposed Treatment:      _____

LBF 3015-1A (Eff. 11/1/16)

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

Name of Creditor:       _____
Collateral:             _____

Name of Creditor:       _____
Collateral:             _____

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and unexpired leases are assumed or rejected as follows:

| | | Proposed Cure |
|---|---|---|
| Creditor/Lessor Property Description | Assumed/Rejected | Amount/Period |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

10. **UNSECURED CLAIMS**

Unsecured creditors' claims total $12,188 (including, if applicable, the unsecured portion of claims modified under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims. Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at ___1.00____%.

11. **GENERAL PLAN PROVISIONS**

   A.  **Duty to Provide Tax Returns:**  The debtor has an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the trustee within seven (7) days of the filing of the return (or any request for extension) with the taxing authority.

   B.  **Allowance of Claims:**  In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the debtor or another party in interest successfully objects to the proof of claim.

   C.  **Property of the Estate and Insurance:**  All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor will remain in possession of all property of the estate unless a provision of this plan, or an order of this court, specifically states otherwise. The debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

   D.  **Retention of Lien:**  All secured creditors shall retain the liens securing their claims unless otherwise stated.

LBF 3015-1A (Eff. 11/1/16)

E.  **Application of Payments Under This Plan:**

1.  Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtor's mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2.  **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies trustee payments to postpetition costs and fees without prior approval of this court, such actions may be a violation of 11 U.S.C. § 524(i).**

F.  **Duty of Mortgage Servicer to Provide Loan Information:**

1.  Upon written request of the debtor, any mortgage servicer or its successor shall provide to the debtor and/or the debtor's attorney all information with respect to the debtor's mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to:  (a) a coupon book or monthly statements to help the debtor properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like.  The debtor shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2.  Upon written request of the debtor's counsel, any of the information requested to be provided to the debtor in paragraph F(1) above shall also be provided to the debtor's counsel.

G.  **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1.  Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor or to the attorney for the debtor.

2.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph.  This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

LBF 3015-1A (Eff. 11/1/16)

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, we would claim the state exemptions, based upon which unsecured creditors would receive__100.00_%.

**A.  REAL ESTATE:  Residential**, located at: 341 Twin Bridges Rd., New Boston, NH

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| 4 br New Englander | $148,600 | $184,914 | $120,000.00 RSA 480:1 | $0.00 |
| | | | Total non-exempt value: | $_____ |

**REAL ESTATE:  Non-residential**, located at: _____

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

**B.  NON-EXEMPT TANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

**C.    NON-EXEMPT INTANGIBLE ASSETS**:

| Description | Fair Market Value | Liens | Exemption Amount and Cite | Available Chapter 7 |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | $_____ |
| | | | Total non-exempt value: | $_____ |

LBF 3015-1A (Eff. 11/1/16)

13.  **SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

I/We declare under penalty of perjury that the foregoing is true and correct.

Date: _8/28/2017                         /s/ Matthew C. Brown
                                             Debtor


                                         Respectfully submitted,

                                         By His Attorney

Date:  8/28/2017                         /s/  **Bryan W Clickner**_____
                                         Bryan W. Clickner, Esquire
                                         BNH #05053
                                         PO Box 370
                                         Goffstown, NH 03045
                                         (603) 497-3400

LBF 3015-1A (Eff. 11/1/16)

6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Matthew C. Brown                                  Bk. No. 17-10562-BAH
                            Debtor              Chapter  13


<u>CERTIFICATE OF SERVICE</u>

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Chapter 13 Plan dated August 28, 2017 upon the following persons at the addresses indicated by electronic filing or First Class Mail, Postage prepaid, this 6th  day of September, 2017:

Matthew C. Brown                          Keybank NA
22 Beaver Brook Rd.                       4910 Tiedeman Rd.
Campton, NH  03223                        Brooklyn, OH 44144

Verizon/American InfoSource LP            North Way Bank
4515 N. Sante Fe Ave,                     Cardmembers Services
Oklahoma City, OK  73119                  PO Box 790408
                                          Saint Louis, MO 63179-0408

Carrington Mortgage Services, LLC
1600 South Douglas Rd., Ste. 200-A        Midland Funding, LLC
Anaheim, CA  92806                        PO Box 2011
                                          Warren, MI 48090

Home Depot
PO Box 172676                             U.S. Bank N.A.
Columbus, OH 43218-2676                   Bankruptcy Dept.
                                          PO Box 108
                                          St. Louis, MO  63166-0108


VIA ECF

Lawrence Sumski, Esq.                     United States Trustee
lsumski@yahoo.com                         USTPRegion01.MR.ECF@usdoj.gov

PRA Receivables Management, LLC           Marcus Pratt, Esq. for Wilmington Savings Fund
claims@recoverycorp.com                   Society, FSB
                                          bankruptcy@kordeassociates.com


/s/ Bryan W. Clickner